EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2023 TSPR 2 |
| | |
| Ramón Colón Olivo | 211 DPR ___ |

Número del Caso: TS-9,069

Fecha: 11 de enero de 2023

Oficina de Inspección de Notarías

      Lcdo. Manuel E. Ávila De Jesús
      Director

Abogado del Sr. Ramón Colón Olivo

      Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplir con los requerimientos de la Oficina de Inspección de Notarías y con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Ramón Colón Olivo

TS-9069

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de enero de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía a un miembro de la profesión legal, por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

En consideración a la conducta que reseñaremos, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. Ramón Colón Olivo (licenciado Colón Olivo o abogado) del ejercicio de la abogacía y lo referimos a un procedimiento de desacato.

I

El licenciado Colón Olivo fue admitido al ejercicio de la abogacía el 19 de enero de 1989 y prestó juramento como notario el 29 de junio de 1989.

El 18 de noviembre de 2021, la Directora Ejecutiva del Programa de Educación Jurídica Continua (Programa o PEJC), la Lcda. María Cecilia Molinelli González (licenciada Molinelli González o Directora Ejecutiva del PEJC) presentó ante nuestra consideración un *Informe sobre incumplimiento con el requisito de educación jurídica continua*, en el cual expuso que el licenciado Colón Olivo no había completado los créditos de educación jurídica continua requeridos para el periodo del 1 de noviembre de 2017 al 31 de octubre de 2020. En particular, la Directora Ejecutiva del PEJC indicó que el Programa envió un *Aviso de Incumplimiento* al abogado, y le concedió un término para subsanar su incumplimiento y pagar la multa correspondiente. La licenciada Molinelli González señaló que, a pesar de las oportunidades ofrecidas, el licenciado Colón Olivo no había cumplido con los requisitos reglamentarios de educación jurídica continua para el periodo señalado.

Más adelante, el 6 de diciembre de 2021, el abogado presentó una *Réplica a Informe sobre incumplimiento con el requisito de educación jurídica continua y solicitud de prórroga*, en la que planteó que no había recibido el *Aviso*

*de Incumplimiento* por parte del PEJC.[1] Además, solicitó un término de cuarenta y cinco (45) días para completar los créditos requeridos y pagar la multa correspondiente. Así pues, el 15 de diciembre de 2021, emitimos una *Resolución* mediante la cual le concedimos la prórroga solicitada y le apercibimos de que su incumplimiento con nuestra *Resolución* podría conllevar sanciones severas, incluyendo la suspensión de la práctica legal.[2]

A solicitud de la Secretaría de este Tribunal, el 7 de marzo de 2022 la Directora Ejecutiva del PEJC presentó una *Certificación* en la que informó el estatus de cumplimiento de decenas de profesionales del Derecho, entre ellos el licenciado Colón Olivo. Específicamente, expresó que el abogado continuaba en incumplimiento con los requisitos para el periodo del 1 de noviembre de 2017 al 31 de octubre de 2020 y adeudaba el pago de la multa de $50 por cumplimiento tardío según dispone la Regla 30(e) del Reglamento del PEJC, 4 LPRA Ap. XVII-F, y la multa de $100 por referido al Tribunal Supremo que establece la Regla 32(d) del mencionado Reglamento, *supra*.

Transcurrido un tiempo sin que el abogado hubiese comparecido ante este Tribunal, el 13 de abril de 2022 emitimos una *Resolución* mediante la cual ordenamos su

---

[1]   La comunicación fue enviada a la dirección que constaba en el Registro Único de Abogados y Abogadas (RUA), esto es: P.O. Box 464, Toa Baja, Puerto Rico 00951.

[2]   El archivo en autos de copia de la *Resolución* fue el 23 de diciembre de 2021.

suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría por haber incumplido con los requerimientos del Programa y las órdenes de este Foro. A su vez, ordenamos al Alguacil de este Tribunal a incautar inmediatamente la obra y el sello notarial, y entregarlos a la ODIN para la investigación y la presentación del informe correspondiente. Asimismo, advertimos que la suspensión no le eximía de su deber de subsanar cualquier deficiencia en la obra notarial.[3]

Una semana después de ser notificado de su suspensión, el licenciado Colón Olivo presentó una *Moción urgente solicitando reinstalación al ejercicio de la abogacía*. Allí expuso que no había recibido copia de la *Resolución* mediante la cual fue suspendido del ejercicio de la profesión legal. Además, incluyó copia de unos cursos de educación jurídica continua que había tomado, por lo cual entendía que ya cumplía con los créditos adeudados. Ante esto, se comprometió a que esta situación de incumplimiento no volvería a ocurrir y solicitó la reinstalación al ejercicio de la abogacía y la notaría.

Así pues, el 28 de abril de 2022, la Directora Ejecutiva del PEJC expidió una *Certificación* en la que hizo constar que el abogado había cumplido con los créditos requeridos para el periodo del 1 de noviembre de 2017 al 31 de octubre

---

[3] El archivo en autos de copia de la *Resolución* fue el 18 de abril de 2022. La notificación de ésta se hizo por correo electrónico y ordinario.

de 2020, mas no había pagado la multa de $50 por cumplimiento tardío ni la multa de $100 por referido al Tribunal Supremo. En atención a ello, el 3 de mayo de 2022, el licenciado Colón Olivo presentó una *Moción informativa* en la que nos indicó que el día antes había pagado la multa de $100 por concepto de referido. Más adelante, el 16 de mayo de 2022, el abogado pagó la multa de $50 por cumplimiento tardío adeudada.

Así las cosas, el 23 de mayo de 2022, emitimos una *Resolución* mediante la cual declaramos *Ha Lugar* la reinstalación al ejercicio de la abogacía. Además, concedimos un término de veinte (20) días -contado a partir de la notificación de nuestra *Resolución*- para que la ODIN se expresara en cuanto a la reinstalación del licenciado Colón Olivo al ejercicio de la notaría.

En cumplimiento de orden, el 3 de junio de 2022, el Director de la ODIN, el Lcdo. Manuel E. Ávila De Jesús (licenciado Ávila De Jesús o Director de la ODIN), presentó su *Informe sobre el estado de la obra notarial incautada y en cumplimiento de orden*. Destacó que, al momento de la suspensión del licenciado Colón Olivo, su obra protocolar pendiente de examen correspondía a los tomos del Protocolo formados en los años naturales 2017 al 2020, y los volúmenes Tercero y Cuarto de su Libro de Registro de Testimonios. En particular, señaló que la obra protocolar formada en los años naturales 2019 y 2020 fue debidamente examinada y aprobada, pero no así los tomos correspondientes a los años

naturales 2017 y 2018 ni los volúmenes examinados del Libro de Registro de Testimonios. Ante esto, desglosó las siguientes deficiencias encontradas:

Obra Protocolar:

- Omisión de Número de Catastro y Advertencias Legales obligatorias en instrumentos públicos otorgados. Art. 15 de la Ley Notarial.

- Letrado debe aclarar comparecencia de parte otorgante. Rectificación y ratificación de instrumento público. Art. 29 de la Ley Notarial.

- Omisión de datos en nota de saca de múltiples instrumentos públicos. Art. 41 de la Ley Notarial.

- Omisión de cancelar sellos de rentas internas, Impuesto Notarial y Sociedad para Asistencia Legal en instrumentos públicos otorgados. La deuda arancelaria identificada asciende a la cantidad de [$124.00]. Art. 10 de la Ley Notarial.

Libro de Registro de Testimonios:

- Cancelación del recibo del sello a favor de la Sociedad para la Asistencia Legal en vez de original (siete [a]sientos). Art. 59 de la Ley Notarial; R. 72 del Reglamento Notarial.

- Cancelación del sello a favor de la Sociedad para la Asistencia Legal con fecha posterior a la legitimación del documento al cual debió ser adherido el recibo del referido arancel (ocho asientos). Art. 59 de la Ley Notarial; R. 72 del Reglamento Notarial. Art. 2 de la Ley 47 de 1982, según enmendada.

Informes Notariales

- Letrado no ha presentado en SIGNO Notarial los Informes de Actividad Notarial Mensual correspondiente[s] a los meses de:

  o septiembre y noviembre de 2020;

o enero, mayo, junio, julio y septiembre
de 2021; y

o enero de 2022.

Art. 12 de la Ley Notarial; Regla 12 del
Reglamento Notarial.

• Letrado adeuda los Informes Estadísticos de
Actividad Notarial Anual correspondiente a los
años naturales 2020 y 2021. Art. 13-A de la
Ley Notarial; Regla 13 del Reglamento Notarial.

Fianza Notarial

• Letrado debe presentar evidencia
acreditativa del pago de la Fianza Notarial
para el periodo de 6 de octubre de 2018 al 6 de
octubre de 2022, inclusive. Art. 7 de la Ley
Notarial. (Énfasis omitido). Véase *Informe
sobre el estado de la obra notarial incautada
y en cumplimiento de orden*, págs. 2-3.

Por todo lo anterior, el licenciado Ávila De Jesús
recomendó que no concediéramos la solicitud de reinstalación
del abogado al ejercicio de la notaría debido a que dicha
petición era prematura. Asimismo, recomendó la concesión
de un término de sesenta (60) días para encaminar el proceso
de subsanación de las deficiencias señaladas, que incluyen
la obligación de satisfacer la deuda arancelaria, y la
rectificación y ratificación de un instrumento público,
entre otros asuntos.

El 10 de junio de 2022, este Tribunal emitió una
*Resolución* mediante la cual le concedimos al abogado un
término de sesenta (60) días -contado a partir de la
notificación de la *Resolución*- para que encaminara el
proceso de subsanación de la obra notarial incautada.
También le ordenamos que mantuviera informado tanto a este
Foro como a la ODIN en cuanto a las gestiones que realizara

para subsanar su obra notarial. Por último, le apercibimos de que el incumplimiento con nuestras órdenes podía conllevar la imposición de sanciones más severas, incluyendo la suspensión de la profesión legal.

En una moción presentada el 13 de julio de 2022, el licenciado Colón Olivo expresó que estaba haciendo las gestiones para corregir las faltas en su obra notarial y que no tenía la intención de volver a practicar la notaría.

Una vez venció el término otorgado por este Tribunal, el Director de la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios* el 22 de agosto de 2022. Allí expuso que la obra protocolar incautada permanecía en similar situación que la señalada en el Informe presentado por la ODIN el 3 de junio de 2022 y que el abogado no se había comunicado con la ODIN para coordinar el proceso de subsanación de su obra notarial, entre otros asuntos. Así pues, reiteró que continuaban las deficiencias de naturaleza arancelaria y sustantiva en la obra protocolar del abogado, adeudaba Informes de Actividad Notarial Mensual y Anual, y aún no había presentado evidencia que acreditara la contratación de una fianza notarial para el periodo del 6 de octubre de 2018 al 6 de octubre de 2022. Ante esto, el licenciado Ávila De Jesús nos solicitó que: (1) concediéramos al licenciado Colón Olivo un término final e improrrogable de treinta (30) días para cumplir con nuestra *Resolución* del 10 de junio de 2022, so pena de referir el asunto al proceso de desacato ante el Tribunal de Primera

Instancia, Sala Superior de San Juan, y (2) determináramos si el incumplimiento del abogado con nuestra Orden ameritaba su suspensión inmediata del ejercicio de la abogacía.

Acogimos la recomendación del Director de la ODIN y el 31 de agosto de 2022 emitimos una *Resolución* en la que concedimos al licenciado Colón Olivo un término final e improrrogable de treinta (30) días -contado a partir de la notificación de la *Resolución*- para cumplir con nuestra *Resolución* del 10 de junio de 2022.**4** Nuevamente le apercibimos que el incumplimiento con nuestra *Resolución* podía conllevar la imposición de sanciones severas, incluyendo la suspensión del ejercicio de la profesión legal.

Transcurrido el término concedido, el 13 de octubre de 2022, el Director de la ODIN presentó una *Moción reiterando incumplimiento de orden y en solicitud de remedios*. Reiteró que el estado de la obra protocolar incautada al abogado continuaba igual y que prevalecían las mismas deficiencias previamente señaladas. Ante esto, nos solicitó que se refiriera el asunto al proceso de desacato y se determinara si procedía la suspensión inmediata del ejercicio de la abogacía.

Cabe destacar que todas nuestras resoluciones fueron notificadas al licenciado Colón Olivo a su dirección de correo electrónico según consta en el Registro Único de

---

**4** El archivo en autos de copia de la *Resolución* fue el 1 de septiembre de 2022.

Abogados y Abogadas (RUA). Luego de la moción que presentó el 13 de julio de 2022, el abogado no ha comparecido ante este Tribunal. Esto, a pesar de nuestras órdenes.

A la luz de los hechos antes expuestos, procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II

Como parte de nuestra facultad para regular la profesión jurídica en Puerto Rico, este Foro tiene la obligación de asegurarse que los profesionales del derecho admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma responsable, competente y diligente. *In re* Lewis Maymó, 205 DPR 397, 402 (2020); *In re* Ortiz López, 201 DPR 720, 724-725 (2019).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a todos los miembros de la profesión legal a conducirse ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Conforme a ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir con prontitud y diligencia con las órdenes de este Tribunal, en especial cuando se trata de procesos disciplinarios. *In re* Maldonado Trinidad, 2022 TSPR 92, 209 DPR ____ (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021); *In re* Cintrón Rodríguez, *supra*, pág. 308.

De igual manera, hemos expresado que ese deber de dar fiel cumplimiento a las órdenes de este Tribunal "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". *In re* Bermúdez Tejero, *supra*, pág. 94; *In re* Malavé Haddock, 207 DPR 573, 582 (2021). Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018); *In re* Canales Pacheco, 200 DPR 228, 233 (2018).

## III

En conformidad con los hechos aquí reseñados, el licenciado Colón Olivo no ha cumplido con nuestras órdenes, las cuales, a su vez, están relacionadas a su desatención con el proceso de subsanación de la obra protocolar incautada, entre otros asuntos. Claramente, no existe duda de que el abogado ha incurrido en un craso incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al desatender las órdenes emitidas por este Tribunal, incluso a pesar de nuestros apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

Asimismo, el licenciado Colón Olivo tampoco ha corregido las deficiencias arancelarias y sustantivas de su obra notarial en el término concedido por este Foro. A pesar de que le advertimos que su incumplimiento podría conllevar la imposición de sanciones severas, incluyendo la suspensión del ejercicio de la abogacía, el abogado incumplió.

Indiscutiblemente, el comportamiento del abogado refleja un incumplimiento voluntario, reiterado y que se distancia de la conducta de respeto hacia los tribunales que exige el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión jurídica. Ante esta realidad, y en virtud de nuestro poder inherente de reglamentar la abogacía, procede decretar la suspensión inmediata e indefinida del licenciado Colón Olivo de la práctica de la profesión legal. Asimismo, se le refiere a un procedimiento de desacato ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestras *Resoluciones* del 10 de junio de 2022 y 31 de agosto de 2022.

IV

Por los fundamentos antes expuestos, suspendemos inmediata e indefinidamente al Lcdo. Ramón Colón Olivo del ejercicio de la abogacía. En consecuencia, el señor Colón Olivo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por

trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Colón Olivo a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese vía correo electrónico y personalmente esta Opinión *Per Curiam* al señor Colón Olivo a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Ramón Colón Olivo

TS-9069

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 11 de enero de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Ramón Colón Olivo del ejercicio de la abogacía.

El señor Colón Olivo deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Colón Olivo a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese vía correo electrónico y personalmente esta Opinión *Per Curiam* y Sentencia al señor Colón Olivo a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.  El Juez Asociado señor Rivera García no interviene.

María I. Colón Falcón
Secretaria del Tribunal Supremo Interina