EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Omar A. González Soto | 2023 TSPR 29<br><br>211 DPR ___ |

Número del Caso: TS-19,927


Fecha: 16 de marzo de 2023


Oficina del Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

Materia: Conducta Profesional: Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por no mantener al día los datos personales en el Registro Único de Abogados y Abogadas, así como el incumplimiento reiterado con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Omar A. González Soto                TS-19,927

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de marzo de 2023.

Una vez más nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a un miembro de la profesión legal, en esta ocasión, por no haber mantenido al día sus datos personales en el Registro Único de Abogados (en adelante, "RUA") y por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías, así como con las órdenes de este Tribunal. Veamos.

I.

El Lcdo. Omar A. González Soto (en adelante, "licenciado González Soto") fue admitido al ejercicio

de la abogacía el 12 de agosto de 2014 y a la notaría el 25 de enero de 2017.

El pasado 30 de noviembre de 2022, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (en adelante, "ODIN") presentó ante este Tribunal una *Moción urgente de solicitud de la incautación de obra notarial y en solicitud de remedios* relacionada con el referido letrado. En la mencionada moción, la ODIN nos informó que el 19 de febrero de 2019 realizó la inspección de la obra notarial -- de los años naturales 2017 y 2018 -- del licenciado González Soto. Como parte de este proceso, la ODIN destacó que tuvo que reprogramar en diversas ocasiones las visitas al referido letrado por razones atribuibles exclusivamente a éste. En esa dirección, la ODIN apuntó que, luego de aproximadamente año y medio de haber comenzado el proceso de inspección de la obra notarial del referido letrado, solo pudo aprobar el tomo del año natural 2017.

Asimismo, la ODIN señaló que el 1 de diciembre de 2020 llevó a cabo una reinspección de los tomos formados en los años 2018 y 2019 por el licenciado González Soto. En la mencionada inspección, la referida dependencia de este Tribunal señaló que solo pudo aprobar -- con deficiencias -- el tomo correspondiente al año 2018. Esto, mediante una *Resolución Administrativa* suscrita por el Director de la ODIN.

Al abundar en lo encontrado en la mencionada reinspección, la ODIN nos indicó que el tomo correspondiente al año 2019 no pudo ser aprobado debido a que el licenciado González Soto no realizó las subsanaciones correspondientes. Sobre este particular, la referida dependencia de este Tribunal especificó que los días 21 de diciembre de 2020, 1 de junio de 2021, 21 de octubre de 2021 y 23 de octubre de 2021 realizó diversas gestiones dirigidas a completar la inspección mencionada, a aprobar el tomo del año 2019, el Libro de Registro de Testimonios y, posteriormente, el tomo correspondiente al año 2020. No obstante, indicó que todas esas gestiones resultaron infructuosas.

En esa línea, la ODIN añadió que, durante los intentos de completar las inspecciones antes mencionadas, se suscitaron diversos eventos que podrían dar paso al inicio de un proceso disciplinario en contra del licenciado González Soto por violar los postulados del ejercicio de la notaría. Entre las violaciones, la mencionada dependencia de este Tribunal destacó que el referido letrado se ausentó de la jurisdicción de Puerto Rico sin designar un notario sustituto; que el licenciado González Soto incumplió reiteradamente con la presentación de sus Informes de Actividad Notarial Mensual y Estadísticos Anuales y que éste no emitió diversas notificaciones de autorización de Poderes, Testamentos y Capitulaciones Notariales, entre otros incumplimientos. Además, la ODIN señaló que de la

inspección de la obra protocolar para el año natural 2020 surgió que el notario tenía una deficiencia arancelaria estimada de $61.00 y que dos negocios jurídicos allí contenidos debían ser ratificados, al no haber sido suscritos por las partes otorgantes.

Así las cosas, la ODIN indicó que el 3 de noviembre de 2021 le envió al licenciado González Soto una comunicación mediante la cual le remitió los informes relacionados a las inspecciones de su obra notarial, además, le indicó al referido letrado las posibles violaciones a sus deberes como notario. Asimismo, en la mencionada comunicación, la referida dependencia de este Tribunal le concedió al licenciado González Soto un término de quince (15) días para que presentara su contestación a los referidos informes y le apercibió de que su incumplimiento conllevaría elevar el asunto ante este Tribunal. Sin embargo, la ODIN señaló que el letrado no compareció en el término provisto, el cual venció el 22 de noviembre de 2021.

Por último, la ODIN nos informó que el 17 de marzo de 2022 culminó la reinspección de los tomos de los años 2019 y 2020. Como resultado de ello, la referida dependencia de este Tribunal indicó que advino en conocimiento de que la obra notarial del licenciado González Soto no había sido subsanada, según le fue ordenado, debido a la inacción de éste. De igual forma, la ODIN señaló que llevó a cabo una inspección extraordinaria de los instrumentos correspondientes al año 2021 del referido letrado de la

cual surgió, entre otras deficiencias, una deuda arancelaria de $73.50 y dos (2) instrumentos que no pudieron ser inspeccionados debido a que el licenciado González Soto no los tenía bajo su custodia.

Así pues, luego de los eventos suscitados tras las diversas inspecciones a la obra protocolar del referido letrado y la inacción de éste en atender las deficiencias señaladas, la ODIN nos solicitó que: (1) ordenáramos la incautación inmediata y preventiva de la obra protocolar y el sello notarial o los sellos notariales bajo la custodia del licenciado González Soto; (2) evaluáramos suspender al letrado del ejercicio de la notaría con carácter inmediato e indefinido; (3) ordenáramos al notario presentar los Informes de Actividad Notarial adeudados a la ODIN, así como presentar evidencia de pago de su Fianza Notarial para el periodo del año natural 2017 al año natural 2023; (4) evaluáramos la imposición de cualquier otra medida disciplinaria, y (5) emitiéramos cualquier otro pronunciamiento que en Derecho procediera.

Luego de evaluar la solicitud de la ODIN, el 13 de diciembre de 2022 emitimos una *Resolución* mediante la cual le ordenamos al licenciado González Soto lo siguiente: (1) que en un término de diez (10) días mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la notaría, tras incumplir reiteradamente con los requerimientos de la ODIN; (2) que en el mismo término de diez (10) días presentara los Informes de Actividad

Notarial adeudados, así como la evidencia de pago de su Fianza Notarial para el periodo del año natural 2017 al año natural 2023; y (3) ordenamos la incautación preventiva de la obra protocolar y el sello notarial del licenciado González Soto. **Por último, ordenamos que la mencionada *Resolución* se le notificara personalmente al licenciado González Soto.**[1]

Así las cosas, el 13 de enero de 2023 el Sr. Carlos I. Vallescorbo Colón, Alguacil Auxiliar de Seguridad de este

---

[1] Valga señalar que, en un procedimiento disciplinario independiente, el Sr. Luis Daniel Menéndez Colón (en adelante, "señor Menéndez Colón") presentó ante esta Curia una queja (AB-2021-0073) mediante la cual manifestó inconformidad tras varias deficiencias en la otorgación de una Escritura de Donación y un Poder Especial para los cuales contrató los servicios notariales del licenciado González Soto. En esencia, el señor Menéndez Colón arguyó que el referido letrado incumplió con lo contratado, por lo cual solicitó que se le entregaran sus documentos, los honorarios pagados por servicios no prestados y que se le ordenara al licenciado González Soto cumplir con lo acordado.

Evaluada la comparecencia de las partes, el 28 de octubre de 2022 este Tribunal emitió una *Resolución* (AB-2021-0073) mediante la cual censuramos al licenciado González Soto por su incumplimiento con los requerimientos de la ODIN. Además, le apercibimos que, de incurrir nuevamente en violación a los Cánones de Ética Profesional, *infra*, se le impondrían sanciones severas, esto por no observar el deber de cuidado y diligencia en la otorgación de un instrumento público. Asimismo, le ordenamos al referido letrado entregarle al señor Menéndez Colón copia certificada de cierta *Escritura de Poder Especial* otorgada por el licenciado González Soto, así como el expediente del asunto notarial y, además, devolver los honorarios relacionados a la presentación de una Escritura de Donación.

Así las cosas, en la *Resolución* del 13 de diciembre de 2022 a la que hicimos referencia previamente, le concedimos, además, un término de diez (10) días al señor Menéndez Colón para que nos acreditara haber recibido copia certificada de la *Escritura de Poder Especial* otorgada y el expediente del asunto notarial contratado con el Sr. Frank Campos López de Victoria, según le fue ordenado al licenciado González Soto en la *Resolución* de 28 de octubre de 2022.

En cumplimiento con nuestra orden, el 11 de enero de 2023 recibimos una comunicación del señor Menéndez Colón en la que nos informa que no ha recibido documentación alguna por parte del licenciado González Soto. Igualmente, nos expresa que, a su entender, el referido letrado cerró su oficina y que desconoce si tiene alguna otra. En virtud de ello, nos solicita que le ordenemos al licenciado González Soto a cumplir con lo dispuesto en la *Resolución* del 28 de octubre de 2022.

Tribunal, presentó un *Informe*. En éste, detalla las gestiones realizadas para contactar al licenciado González Soto mediante llamadas y mensajes. En específico, indicó que, tras no recibir contestación alguna del referido letrado, se dirigió a la dirección de su residencia y al local de su oficina, según provistas por el Tribunal, y que encontró ambos lugares en estado de abandono. En consecuencia, y al no poder localizar al licenciado González Soto, ni incautarle su obra protocolar y sello notarial, nos devuelve el diligenciamiento negativo.

A la fecha de esta Opinión *Per Curiam* no se ha recibido comunicación alguna por parte del licenciado González Soto. Procedemos, pues, a disponer del presente proceso disciplinario.

II.

A.

Como es sabido, la Regla 9(j) del Reglamento de este Tribunal, exige a todas las abogadas y a todos los abogados la obligación de mantener actualizados sus datos personales y realizar cualquier cambio en la información que consta en RUA. Véase, Regla 9(j) de nuestro Reglamento, 4 LPRA AP. XXI-B. Según hemos señalado, el fiel cumplimiento de esta disposición reglamentaria garantiza el ejercicio eficaz de nuestro deber de velar que los miembros de la profesión legal cumplan con sus deberes ético-profesionales, de manera que atiendan con prontitud y diligencia las comunicaciones que se le remiten. *In re Corretjer Roses*,

2022 TSPR 28, 208 DPR Ap. (2022); *In re Pratts Barbarossa*, 199 DPR 594 (2018); *In re López Méndez*, 196 DPR 956, 962 (2016). En esa dirección, hemos sentenciado que una abogada o un abogado obstaculiza el ejercicio de nuestra jurisdicción disciplinaria cuando incumple con su deber de mantener actualizados sus datos personales en RUA. *In re Corretjer Roses*, *supra*; *In re Padial Santiago*, 2019 TSPR 221, 203 DPR Ap. (2019); *In re Arroyo Rosado*, 191 DPR 242 (2014).

## B.

Por otro lado, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal. Este ordenamiento deontológico tiene como propósito promover el desempeño personal y profesional de las abogadas y los abogados de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Navedo Dávila*, 203 DPR 300 (2019); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017).

Cónsono con ello, en numerosas ocasiones, este Tribunal ha señalado que el incumplimiento con estas normas éticas puede acarrear la imposición de sanciones disciplinarias severas. *In re Rodríguez Lugo*, 201 DPR 729 (2019); *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015). Entre ellas se encuentra, claro está, la suspensión del ejercicio de la abogacía y la notaría.

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de toda abogada y todo abogado ante los tribunales "se caracterice por el mayor respeto". *In re Meléndez Mulero*, 208 DPR 541 (2022); *In re Vargas Martínez*, 208 DPR 389 (2021); *In re Pavía Vidal I*, 2021 TSPR 147, 208 DPR Ap. (2021). En esa dirección, en múltiples ocasiones hemos reiterado que las integrantes y los integrantes de la profesión legal tienen el deber de responder a las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *In re Meléndez Mulero*, *supra*; *In re Vargas Martínez*, *supra*; *In re Pavía Vidal I*, *supra*.

Asimismo, hemos dispuesto que ese deber es extensivo a los requerimientos y exigencias de la ODIN, por lo que toda abogada y abogado también debe responder con diligencia a los mismos. *In re Cruz Liciaga*, *supra*; *In re Franco Rivera*, *supra*; *In re Salas González*, 193 DPR 387 (2015). Ello, puesto que desatender los requerimientos de la ODIN y las órdenes de este Tribunal, constituye un serio desafío a la autoridad de los tribunales e infringe el Canon 9 de Ética Profesional, *supra*. *In re Espino Valcárcel*, 199 DPR 761 (2018); *In re López Castro*, 197 DPR 819 (2017); *In re Núñez Vázquez*, 197 DPR 506 (2017). Cuando ello ocurre, procede la suspensión de la abogada o del abogado del ejercicio de la profesión. *In re Lee Navas*, 2017 TSPR 208,

199 DPR Ap. (2017); *In re Grau Collazo*, 185 DPR 938,944 (2012); *In re Rosario Martínez*, 184 DPR 494 (2012).

C.

Por último, -- y ya más en lo relacionado a los deberes que tiene todo aquel o aquella que se dedica a la práctica notarial --, conviene recordar aquí que el Artículo 12 de la Ley Núm. 75 de 2 de julio de 1987, conocida como la *Ley Notarial de Puerto Rico*, 4 LPRA sec. 2001 *et seq.,* impone a las notarias y los notarios el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales. 4 LPRA sec. 2023.[2] Por su parte, el Artículo 13-A de la precitada ley, establece la obligación de la clase togada de remitir a la ODIN, no más tarde del último día de febrero del año siguiente, el informe estadístico anual de los documentos notariales autorizados el año precedente. 4 LPRA sec. 2031a.[3] Véase, *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Torres Dávila*, 195 DPR 558 (2016); *In re Miranda Casanovas*, 175 DPR 774 (2009).

---

[2] En específico, el Artículo 12 de la referida *Ley Notarial de Puerto Rico* expresa que,

    [l]os Notarios remitirán a la Oficina de Inspección de Notarías de Puerto Rico un índice sobre sus actividades notariales, no más tarde del décimo día calendario del mes siguiente al mes informado, en el que harán constar respecto a las escrituras matrices y los testimonios por ellos autorizados en el mes precedente, los números de orden de éstos, los nombres de los comparecientes, la fecha, el objeto del instrumento o del testimonio, la cuantía de cada instrumento y el nombre de los testigos, de haber comparecido alguno. 4 LPRA sec. 2023.

[3] Con relación al Artículo 13-A, el mismo indica que "[t]odo notario remitirá al Director de la Oficina de Inspección de Notarías, no más tarde del último día de febrero del año siguiente, el informe estadístico anual que le sea requerido de los documentos notariales autorizados durante el año precedente". 4 LPRA sec. 2031a.

De otra parte, la *Ley Notarial de Puerto Rico*, *supra*, también dispone que la notaria o el notario podrá nombrar a otra notaria o notario para que le sustituya cuando se ausente de su oficina por cualquier causa que no sea permanente, por un periodo máximo inicial de tres (3) meses. Art. 9, 4 LPRA sec. 2013. Además, el precitado artículo establece que tanto la notaria o el notario, como su sustituto, deberán notificar la designación a la ODIN. *Íd*. Así, la notaria o el notario sustituto será responsable de la custodia y conservación de los protocolos de la notaria o notario sustituido. Art. 9, 4 LPRA sec. 2013. Véase *In re Hernández Torres*, 199 DPR 2019 (2017); *In re Rosenbaum*, 189 DPR 115 (2013); *In re Carrasquillo Martínez*, 173 DPR 798 (2008).

Al respecto, este Tribunal ha reiterado que el incumplimiento de las notarias y los notarios con su obligación de rendir los índices e informes notariales dentro del término provisto por la Ley Notarial, *supra*, así como fallar en nombrar a una notaria o a un notario sustituto cuando se ausente de su oficina, constituye una falta grave a los deberes que se les impone como custodios de la fe pública notarial que acarrea sanciones disciplinarias. *In re Núñez Vázquez*, 197 DPR 506 (2017); *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re Santiago Ortiz*, 191 DPR 950 (2014).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

III.

En el presente caso, según ha quedado claramente demostrado, además de fallar a su deber de mantener al día sus datos personales en RUA, el licenciado González Soto -- en reiteradas ocasiones -- incumplió con los requerimientos de la ODIN y con las órdenes de este Tribunal. Lo anterior, a pesar de las diversas oportunidades que se le dieron para ello.

No conforme con lo anterior, el referido letrado se ausentó de la jurisdicción de Puerto Rico sin designar un notario sustituto. Y, además, incumplió reiteradamente con la presentación de sus Informes de Actividad Notarial Mensual y Estadísticos Anuales y no emitió diversas notificaciones de autorización de Poderes, Testamentos y Capitulaciones Notariales, entre otros incumplimientos.

No cabe duda de que la conducta desplegada por el licenciado González Soto es una de descuido e indiferencia y refleja una patente falta de interés en continuar el ejercicio de la abogacía y la notaría. Dicha conducta no la toleraremos.

Así las cosas, en vista de que el referido letrado ha incumplido con su obligación de mantener al día sus datos personales en RUA y, a su vez, no ha cumplido con los requerimientos de la ODIN, las disposiciones de la Ley

Notarial y las órdenes de este Tribunal, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Consecuentemente, se le impone al señor González Soto el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se ordena al señor González Soto que haga entrega inmediata de su obra notarial, incluyendo su sello notarial, al Director de la ODIN para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor González Soto queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Se le apercibe, además, que no consideraremos una futura admisión al ejercicio de la abogacía y de la notaría hasta tanto acredite haber presentado los informes e índices adeudados a la ODIN; así como, haber entregado al señor

Menéndez Colón los documentos y honorarios relacionados a la queja AB-2021-0073, según fue ordenado en nuestra *Resolución* del 28 de octubre de 2022.

Notifíquese al señor González Soto esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el RUA.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Omar A. González Soto            TS-19,927

SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2023

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Omar A. González Soto del ejercicio de la abogacía y notaría.

Se le impone al señor González Soto el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, se ordena al señor González Soto que haga entrega inmediata de su obra notarial, incluyendo su sello notarial, al Director de la ODIN para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor González Soto queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Se le apercibe, además, que no consideraremos una futura admisión al ejercicio de la abogacía y de la notaría hasta tanto acredite haber presentado los informes e índices adeudados a la ODIN; así como, haber entregado al Sr. Luis Daniel Menéndez Colón los documentos y honorarios relacionados a la queja AB-2021-0073, según fue ordenado en nuestra Resolución del 28 de octubre de 2022.

Notifíquese al señor González Soto esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el RUA.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo