EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2023 TSPR 34 |
| José A. Bauzá Tirado (TS-10,296) | 211 DPR ___ |

Número del Caso: AB-2022-0172

Fecha: 23 de marzo de 2023

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por quebrantar el Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Bauzá Tirado            AB-2022-0172
     (TS-10,296)

PER CURIAM

En San Juan, Puerto Rico, a 23 de marzo de 2023.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica por su asiduo incumplimiento de nuestras órdenes. En esta ocasión, concluimos que el Lcdo. José A. Bauzá Tirado quebrantó el Canon 9 del Código de Ética Profesional, infra. Por consiguiente, ordenamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

I

El Lcdo. José A. Bauzá Tirado fue admitido al ejercicio de la abogacía el 19 de enero de 1993 y prestó juramento como notario el 8 de febrero de 1993.

El 10 de agosto de 2022, la Sra. Julia Vallés presentó una queja contra el licenciado Bauzá Tirado por alegado incumplimiento de contrato. En suma, relató que en 2019 pagó al letrado $834 por concepto de honorarios de abogado en un caso de herencia. Indicó, sin embargo, que desde mediados de 2021 no había podido contactar al letrado porque este ignoraba sus llamadas y cartas.

Examinada la queja, el 29 de agosto de 2022 concedimos al licenciado Bauzá Tirado un término de diez días para que presentara su contestación. Particularmente, en la comunicación se le apercibió que de no comparecer en ese término la queja se referiría al Tribunal en pleno para la acción correspondiente, que podría incluir la imposición de sanciones severas, como la suspensión de la profesión legal.

Aun así, el togado no compareció dentro del término requerido. Por su parte, la señora Vallés cursó una misiva en la que relató que el licenciado se comunicó con ella y prometió devolverle la cantidad de $834 y su expediente.

En ese contexto, el 27 de enero de 2023, mediante Resolución, concedimos al licenciado Bauzá Tirado un término de 15 días para acreditar la devolución del dinero y el expediente. Además, en igual término le ordenamos que mostrara causa por la que no debíamos imponerle sanciones disciplinarias, que podían incluir la suspensión de la profesión, por no haber contestado nuestros requerimientos.

En el ínterin, la señora Vallés nos informó que el letrado se disculpó por lo sucedido y le devolvió el

expediente y los honorarios cobrados. De paso, pidió que no sancionáramos al licenciado Bauzá Tirado. No obstante, una vez más, el término transcurrió sin la comparecencia del abogado.

Ante la reiterada inacción del licenciado Bauzá Tirado, el 24 de febrero de 2023 le ordenamos que, en un término final e improrrogable de diez días, mostrara causa por la que no debíamos suspenderlo de la práctica de la profesión legal, por incumplir las órdenes de esta Curia. Nuevamente, el término concedido venció sin que el letrado compareciera.

Todas nuestras resoluciones y requerimientos fueron notificados al licenciado Bauzá Tirado a su dirección de correo electrónico consignada en el Registro Único de Abogados y Abogadas (RUA). A pesar de esto, al día de hoy el togado no ha comparecido ante nos.

II

El Código de Ética Profesional recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal en nuestra jurisdicción. In re Sepúlveda Valentín, 2023 TSPR 20, 211 DPR __ (2023); In re Joglar Castillo, 2022 TSPR 144, 210 DPR __ (2022); In re Sánchez Pérez, 2022 TSPR 98, 209 DPR __ (2022). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, impone a todo miembro de la profesión legal el deber de observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. In re Aponte Morales, 2023 TSPR 13, 211 DPR __

(2023); <u>In re Meléndez Mulero</u>, 208 DPR 541 (2022); <u>In re Stacholy Ramos</u>, 207 DPR 521 (2021).

Conforme a esto, hemos sido enfáticos al señalar el mandato ineludible que tiene todo abogado de cumplir con prontitud y celeridad las órdenes del Tribunal, sobre todo cuando se trata de procesos disciplinarios. <u>In re Colón Olivo</u>, 2023 TSPR 2, 211 DPR __ (2023); <u>In re Maldonado Trinidad</u>, 209 DPR __ (2022); <u>In re Meléndez Mulero</u>, <u>supra</u>. "[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". <u>In re Jiménez Meléndez</u>, 198 DPR 453, 457 (2017).

No cabe duda de que la desatención reiterada a nuestras órdenes constituye una afrenta a la autoridad de los tribunales, y a su vez, acarrea una infracción del Canon 9 de Ética Profesional, <u>supra</u>, que no puede ser tomada livianamente. <u>In re Colón Olivo</u>, <u>supra</u>; <u>In re Rodríguez Olmeda</u>, 2022 TSPR 29, __ DPR __ (2022); <u>In re Corretjer Roses</u>, 2022 TSPR 28, __ DPR __ (2022). Por ello, asumir una actitud de indiferencia y menosprecio hacia nuestros apercibimientos configura causa suficiente para la suspensión inmediata e indefinida de la práctica de la profesión legal. <u>In re Torres Trinidad</u>, 2023 TSPR 3, 211 DPR __ (2023); <u>In re Ocasio Bravo</u>, 2022 TSPR 97, 209 DPR __ (2022); <u>In re Joubert Lugo</u>, 2022 TSPR 75, 209 DPR __ (2022).

### III

Los hechos reseñados revelan que el licenciado Bauzá Tirado exhibió un patrón de falta de respeto y desidia de cara a nuestras órdenes. El letrado no contestó la queja instada en su contra, aun cuando se le apercibió que de no comparecer, el Tribunal en pleno podría imponerle sanciones disciplinarias severas tales como la suspensión del ejercicio de la profesión. Es más, en claro menosprecio a nuestra autoridad y pese a que le concedimos un término adicional, ni siquiera expuso alguna causa que militara en contra de su suspensión de la profesión legal. En fin, el abogado desatendió nuestros requerimientos y temerariamente hizo caso omiso de los apercibimientos sobre las consecuencias que su incumplimiento podría acarrear.

Indiscutiblemente, la conducta del licenciado Bauzá Tirado contravino los postulados del Canon 9 del Código de Ética Profesional, supra. Su reiterado incumplimiento denota indisciplina, displicencia, y contumacia hacia nuestra potestad disciplinaria. Ante esta realidad, nos vemos obligados a suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

### IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. José A. Bauzá Tirado. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo

modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del Sr. José A. Bauzá Tirado y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Bauzá Tirado por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Bauzá Tirado              AB-2022-0172
   (TS-10,296)

SENTENCIA

En San Juan, Puerto Rico, a 23 de marzo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. José A. Bauzá Tirado. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, incluso una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

De otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y sello notarial del Sr. José A. Bauzá Tirado y entregarlos

al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Bauzá Tirado por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo