EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>José E. Arzola Méndez<br>(TS-9,649) | 2023 TSPR 69<br><br>212 DPR ___ |
|---|---|

Número del Caso:  AB-2022-0244


Fecha:  19 de mayo de 2023


Abogado del promovido:

     Por derecho propio


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por no mantener al día los datos personales en el Registro Único de Abogados y Abogadas, así como por incumplimiento con las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José E. Arzola Méndez          AB-2022-0244
        (TS-9,649)

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de mayo de 2023.

Una vez más nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a un miembro de la profesión legal, en esta ocasión por no haber mantenido al día sus datos personales en el Registro Único de Abogados (en adelante, "RUA") y por su reiterado incumplimiento con las órdenes de este Tribunal. Veamos.

I.

El Lcdo. José E. Arzola Méndez (en adelante, "licenciado Arzola Méndez") fue admitido al ejercicio

de la abogacía el 15 de enero de 1991 y prestó juramento como notario el 16 de junio de 2021.[1]

El pasado 10 de noviembre de 2022, la Sra. Nitza M. Lafuente Rivera (en adelante, "señora Lafuente Rivera") presentó ante este Tribunal una queja en contra del referido letrado. En el mencionado escrito, la señora Lafuente Rivera indicó que allá para el 15 de septiembre de 2018 solicitó los servicios del licenciado Arzola Méndez con la intención de que éste le tramitara cierta declaratoria de herederos. En consecuencia, la señora Lafuente Rivera adujo que le entregó al referido letrado seiscientos cincuenta dólares ($650.00) en efectivo y varios documentos que éste le solicitó.

Asimismo, la señora Lafuente Rivera mencionó que, a pesar de los diversos esfuerzos que realizó para contactar al licenciado Arzola Méndez, no pudo comunicarse con el referido letrado hasta el 2 de enero de 2020 cuando éste la contactó para solicitarle doscientos dólares ($200.00) adicionales para el pago de sellos y costos relacionados a la radicación de la declaratoria de herederos solicitada. En específico, la señora Lafuente Rivera precisó que esa fue la última comunicación que tuvo con el licenciado Arzola Méndez, quien no completó el trámite para el cual fue contratado.

---

[1] Con relación al ejercicio de la notaría precisa señalar que, el licenciado Arzola Méndez aprobó la reválida notarial en el mes de marzo de 1992. No obstante, el 29 de marzo de 2021, tras cierta *Moción [en] solicitud para ejercer la notaría en Puerto Rico*, emitimos una *Resolución* mediante la cual admitimos al referido letrado al ejercicio de la notaría. Lo anterior, condicionado a que prestara el juramento correspondiente, asunto que el licenciado Arzola Méndez completó finalmente el 16 de junio de 2021.

Así las cosas, el 30 de noviembre de 2022 le notificamos al licenciado Arzola Méndez la queja presentada por la señora Lafuente Rivera. Además, junto a ésta le indicamos que, según dispone la Regla 14 (c) de nuestro Reglamento, 4 LPRA Ap. XXI-B, tenía un término de diez (10) días para presentar su contestación.

Transcurrido el aludido término y tras no recibir contestación alguna del letrado, el 8 de febrero de 2023 emitimos una *Resolución*, en la cual le concedimos al licenciado Arzola Méndez un término de diez (10) días para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía y la notaría. Ello, por incumplir con nuestras órdenes relacionadas al proceso disciplinario en su contra.

Finalmente, y debido a la incomparecencia del licenciado Arzola Méndez, el 9 de marzo de 2023 emitimos una segunda *Resolución* en la que le concedimos al referido letrado un término final de diez (10) días para que compareciera ante nos y mostrara causa por la cual no debía ser suspendido de la profesión legal. La aludida *Resolución* fue notificada personalmente el 10 de marzo de 2023.

Consecuentemente, el 20 de marzo de 2023 el licenciado Arzola Méndez compareció ante nos mediante *Moción de prórroga*. En suma, el referido letrado solicitó un término de diez (10) días adicionales para contestar la queja en su contra. Además, requirió que todas las comunicaciones fueran

notificadas a cierta dirección postal que proveyó, siendo ésta distinta a la que consta en RUA.[2]

A esos efectos, el 31 de marzo de 2023 este Tribunal emitió una tercera *Resolución* mediante la cual le concedimos al licenciado Arzola Méndez el término adicional de diez (10) días, según solicitado, para que compareciera y respondiera la queja en su contra. Además, apercibimos al referido letrado de que su incumplimiento podría conllevar sanciones disciplinarias severas, incluida su suspensión del ejercicio de la abogacía y la notaría.[3] La mencionada *Resolución* fue notificada tanto al correo electrónico del letrado, como a la dirección postal ofrecida por éste.[4]

A la fecha de esta *Opinión Per Curiam* no se ha recibido comunicación alguna por parte del licenciado Arzola Méndez. Procedemos, pues, a disponer del presente proceso disciplinario.

II.

A.

Como es sabido, la Regla 9(j) del Reglamento de este Tribunal, exige a todas las abogadas y a todos los abogados

---

[2] Para sustentar su petición de que se le notificara a la dirección postal ofrecida, el letrado indicó que tenía problemas de electricidad en su residencia, -- los cuales causan problemas con su conexión de internet -- que imposibilitan el uso de su computadora.

[3] Cabe señalar que, del expediente del letrado se desprende que en las *Resoluciones* emitidas por este Tribunal el 21 de marzo de 2016 y el 3 de septiembre de 2020 apercibimos al licenciado Arzola Méndez de su deber de cumplir con el Reglamento del Programa de Educación Jurídica Continua. Lo anterior, por su reiterado incumplimiento con los créditos requeridos en diversos periodos.

[4] No obstante, la notificación postal fue devuelta por insuficiencia en la dirección provista.

la obligación de mantener actualizados sus datos personales y realizar cualquier cambio en la información que consta en RUA. Véase, Regla 9(j) de nuestro Reglamento, 4 LPRA AP. XXI-B. Según hemos señalado, el fiel cumplimiento de esta disposición reglamentaria garantiza el ejercicio eficaz de nuestro deber de observar que los miembros de la profesión legal cumplan con sus deberes ético-profesionales, de manera que atiendan con prontitud y diligencia las comunicaciones que se le remiten. *In re González Soto*, 2023 TSPR 29, 211 DPR ___ (2023); *In re Corretjer Roses*, 208 DPR Ap. (2022); *In re Pratts Barbarossa*, 199 DPR 594, 599 (2018).

En esa dirección, reiteradamente hemos sentenciado que una abogada o un abogado obstaculiza el ejercicio de nuestra jurisdicción disciplinaria cuando incumple con su deber de mantener actualizados sus datos personales en RUA. *In re González Soto*, *supra*; *In re Corretjer Roses*, *supra*; *In re Padial Santiago*, 203 DPR Ap. (2019). Este incumplimiento es fundamento suficiente e independiente para decretar su separación inmediata del ejercicio de la abogacía. *In re Pratts Barbarossa, supra; In re Ramos Fernández*, 195 DPR Ap. (2016); *In re Cepero Rivera et al.*, 193 DPR 1021 (2015).

B.

Por otro lado, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas de conducta que rigen a los miembros de la profesión legal. *In re Bauzá Tirado*, 2023 TSPR 34, 211 DPR ___ (2023); *In re Sepúlveda Valentín*, 2023 TSPR 20, 211 DPR ____ (2023); *In re Joglar Castillo*, 2022 TSPR 144, 210

DPR 956 (2022). Este ordenamiento deontológico tiene como propósito promover el desempeño personal y profesional de las abogadas y los abogados de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en beneficio de la profesión legal, la ciudadanía y las instituciones de justicia. *In re Navedo Dávila*, 203 DPR 300, 306 (2019); *In re Cruz Liciaga*, 198 DPR 828, 834-835 (2017); *In re Franco Rivera*, 197 DPR 628, 634 (2017).

Cónsono con ello, en numerosas ocasiones, este Tribunal ha señalado que el incumplimiento con estas normas éticas puede acarrear la imposición de sanciones disciplinarias severas. *In re González Soto*, *supra; In re Rodríguez Lugo*, 201 DPR 729, 736 (2019); *In re Cruz Liciaga*, *supra*. Entre ellas se encuentra, claro está, la suspensión del ejercicio de la abogacía y la notaría. *Íd*.

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de toda abogada y de todo abogado ante los tribunales "se caracterice por el mayor respeto". *In re González Soto*, *supra; In re Colón Olivo I*, 2023 TSPR 2, 211 DPR \_\_\_\_ (2023); *In re Meléndez Mulero*, 208 DPR 541, 549-550 (2022). En esa dirección, en múltiples ocasiones hemos reiterado que las personas que integran la profesión legal tienen el deber de responder a las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *In re Bauzá Tirado*, *supra; In re Colón Olivo*, *supra; In re Meléndez*

*Mulero*, *supra*. Cónsono con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de las abogadas y los abogados como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta, de igual forma, es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re Colón Olivo*, *supra*; *In re Bermúdez Tejero*, 206 DPR 86, 95 (2021); *In re López Pérez*, 201 DPR 123, 126 (2018).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer del proceso disciplinario que nos ocupa.

III.

En el presente caso, según ha quedado claramente demostrado, además de fallar a su deber de mantener al día sus datos personales en RUA, el licenciado Arzola Méndez -- en reiteradas ocasiones -- incumplió con las órdenes de este Tribunal. Lo anterior, a pesar de las diversas oportunidades que se le dieron para cumplir con ellas.

No cabe duda de que la conducta desplegada por el licenciado Arzola Méndez es una de descuido e indiferencia, la cual refleja una patente falta de interés en continuar el ejercicio de la abogacía y la notaría. Dicha conducta -- contraria a los principios más elementales de nuestro ordenamiento deontológico -- no la toleraremos.

IV.

Así las cosas, en vista de que el referido letrado ha incumplido con su obligación de mantener al día sus datos personales en RUA y, a su vez, no ha cumplido con las órdenes de este Tribunal, se le suspende inmediata e indefinidamente del ejercicio de la notaría y la abogacía.

Consecuentemente, se le impone al señor Arzola Méndez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Finalmente, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial del señor Arzola Méndez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. La fianza notarial del señor Arzola Méndez queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Notifíquese al señor Arzola Méndez esta *Opinión Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el RUA y personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José E. Arzola Méndez                    AB-2022-0244
        (TS-9,649)

SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2023.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia,* se suspende inmediata e indefinidamente al Lcdo. José E. Arzola Méndez del ejercicio de la abogacía y la notaría.

Se le impone al señor Arzola Méndez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y Sentencia.

Finalmente, se le ordena al Alguacil de este Tribunal incautar la obra y sello notarial del señor Arzola Méndez y entregar los mismos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. La fianza notarial del señor Arzola Méndez queda automáticamente cancelada. La misma se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Notifíquese al señor Arzola Méndez de esta *Opinión Per Curiam* y *Sentencia* por medio del correo electrónico registrado en el RUA y personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    Javier O. Sepúlveda Rodríguez
                                    Secretario del Tribunal Supremo