EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Jorge Meléndez Artau | 2023 TSPR 60 <br><br> 211 DPR ___ |

Número del Caso:  TS-6,951


Fecha:  3 de mayo de 2023


 Oficina de Inspección de Notarías

      Lcdo. Manuel E. Ávila De Jesús
      Director


Sr. Jorge Meléndez Artau

      Por derecho propio


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplir con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.



Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jorge Meléndez Artau          TS-6951      Conducta Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 3 de mayo de 2023.

Nuevamente nos vemos obligados a ejercer nuestra autoridad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía a un integrante de la profesión legal, por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

Tomando en consideración la conducta que más adelante reseñaremos, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. Jorge Meléndez Artau (licenciado Meléndez Artau o abogado) del ejercicio de la abogacía y lo referimos a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Además,

en cuanto a la deuda arancelaria, lo referimos al Departamento de Justicia para la acción correspondiente.

I

El abogado fue admitido al ejercicio de la abogacía el 18 de noviembre de 1980 y prestó juramento como notario el 23 de diciembre de 1980.

Allá para el 13 de abril de 2022, debido al incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y las órdenes de este Tribunal, emitimos una *Resolución* mediante la cual suspendimos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a varios profesionales del Derecho, entre los que se encontraba el licenciado Meléndez Artau. En relación con los que fueron suspendidos del ejercicio de la notaría, como es el caso de éste, ordenamos que el Alguacil de este Tribunal incautara inmediatamente la obra y el sello notarial, y los entregara al Director de la ODIN para la investigación y la presentación del informe correspondiente.

Más adelante, el 26 de mayo de 2022, el abogado presentó una *Moción de reconsideración y cumplimiento de orden* ante este Foro, en la cual acreditó haber cumplido con los requisitos de educación jurídica continua y haber pagado la multa de $100 impuesta en conformidad con la Regla 32 (d) del Reglamento del PEJC, 4 LPRA Ap. XVII-F, R. 32. El 2 de junio de 2022 autorizamos la reinstalación del licenciado Meléndez Artau al ejercicio de la abogacía. Al mismo tiempo,

le concedimos a la ODIN un término de veinte (20) días, contado a partir de la notificación de nuestra *Resolución*, para que se expresara sobre la solicitud de reinstalación a la práctica de la notaría.

Así pues, el 21 de junio de 2022, el Director de la ODIN presentó un *Informe sobre el estado de la obra notarial incautada y en cumplimiento de orden* (Informe). En éste, se indicó que la obra protocolar del abogado previamente examinada y aprobada consistía en: tomos del Protocolo formados durante los años naturales 1981 al 1987 (1 tomo por año, respectivamente); 1988 (2 tomos); 1989 (1 tomo); 1990 (1 tomo); 1991 al 2005 (1 tomo por año, respectivamente); 2006 (2 tomos); 2007 al 2018 (1 tomo por año, respectivamente), así como Volúmenes Primero al Decimoquinto del Libro de Registro de Testimonios (Asientos Número 1 al 28,859). Señaló que esta obra protocolar previamente examinada y aprobada se encuentra depositada en el Archivo Notarial del Distrito Notarial de Bayamón.

Asimismo, el Director de la ODIN expresó en su Informe que la obra protocolar pendiente de examen al momento de la suspensión del licenciado Meléndez Artau constaba de instrumentos públicos sueltos autorizados en los años naturales 2019 (62 instrumentos); 2020 (36 instrumentos); 2021 (31 instrumentos), y 2022 (11 instrumentos), así como el Volumen Decimosexto de su Libro de Registro de Testimonios (Asientos Número 28,860 al 30,215). Manifestó que la obra protocolar pendiente de examen y el sello

notarial incautado están depositados en el Archivo Notarial del Distrito Notarial de San Juan.  En cuanto a la obra protocolar formada en los años naturales 2019 al 2022 -la cual no ha podido ser aprobada-, el Director de la ODIN detalló las deficiencias siguientes:

Obra protocolar:

- Tomos del Protocolo sin encuadernar, foliar, sin nota de apertura ni cierre. (Arts. 49 al 52 de la Ley Notarial).

- Omisión de Número de Catastro; de circunstancias personales de las partes otorgantes, y advertencias legales obligatorias en múltiples instrumentos públicos otorgados. (Art. 15 de la Ley Notarial).

- Ausencia de iniciales en los folios de las partes otorgantes en múltiples instrumentos. Ausencia de sello notarial del abogado suspendido en múltiples instrumentos. (Arts. 16 y 28 de la Ley Notarial).

- Abogado debe aclarar comparecencia de parte otorgante.  Rectificación y ratificación de instrumento público (Acta de edificación u obra nueva). (Art. 29 de la Ley Notarial).

- Ausencia de firma de parte de otorgantes indispensables en instrumento público autorizado.  Ausencia de la firma del notario en instrumentos públicos autorizados.  Al menos cuatro (4) instrumentos públicos deben ser rectificados y ratificados. (Art. 29 de la Ley Notarial).

- Omisión de documentos complementarios obligatorios.  (Art. 46 de la Ley Notarial).

- Omisión de cancelar sellos de rentas internas, impuesto notarial y Sociedad para Asistencia Legal en instrumentos públicos otorgados durante los cuatro (4) años examinados.  Se destaca, además, que la totalidad de los instrumentos autorizados en los años naturales 2020, 2021 y 2022 no tienen adheridos los correspondientes aranceles. **La deuda arancelaria identificada asciende a $3,322.** (Art. 10 de la Ley Notarial).

Libro de Registro de Testimonios

- Ausencia de firma del notario en múltiples asientos (13 asientos). (Art. 59 de la Ley Notarial; R. 72 del Reglamento Notarial).

- Cancelación del sello de recibo a favor de la Sociedad para la Asistencia Legal en vez del original (4 asientos). (Art. 59 de la Ley Notarial; R. 72 del Reglamento Notarial; Art. 2 de la Ley 47 de 1982, según enmendada).

Fianza notarial

- Abogado debe presentar evidencia acreditativa del pago de la fianza notarial para el periodo de 23 de diciembre de 2012 al 23 de diciembre de 2022, inclusive. Notario suspendido omitió incluir esa información en su Informe Estadístico Anual del 2021, en violación a las instrucciones circuladas por la ODIN. (Art. 7 de la Ley Notarial).

Una vez examinado el mencionado Informe, el 24 de junio de 2022 emitimos una *Resolución* en la que dimos por cumplida nuestra *Resolución* del 2 de junio de 2022 en cuanto a la ODIN y concedimos al licenciado Meléndez Artau un término de sesenta (60) días -contado a partir de la notificación de nuestra *Resolución*- para que subsanara las deficiencias en su obra notarial, según consignadas en el Informe. A su vez, le apercibimos que su incumplimiento con lo ordenado conllevaría sanciones disciplinarias que podían incluir la suspensión inmediata e indefinida del ejercicio de la abogacía.

Así las cosas, el 14 de abril de 2023, el Director de la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios.* En resumen, expresó que **el término concedido al abogado venció el 23 de agosto de 2022 sin que éste subsanara las deficiencias en su obra notarial.** Además, expone que la Lcda. Mariluz Rivera Ortiz, Inspectora

de Protocolos y Notarías (Inspectora), informó que el licenciado Meléndez Artau no se había comunicado con ella para encaminar el proceso de subsanación de su obra protocolar ni había tenido comunicación alguna con la ODIN para dicho propósito.[1] Ante esto, manifestó que el estado de la obra protocolar del abogado no ha variado. Es decir, que las deficiencias señaladas en el Informe aún persisten.

Ante dicho escenario de incumplimiento con nuestra *Resolución* del 24 de junio de 2022, el Director de la ODIN nos solicitó que: (1) determinemos si procede o no la imposición de sanciones disciplinarias adicionales, incluyendo la suspensión del ejercicio de la abogacía -tal como fue apercibido-; (2) refiramos al abogado a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, y (3) emitamos cualquier otro pronunciamiento que proceda en Derecho.

Luego de la *Moción notificando incumplimiento de orden y en solicitud de remedios* presentada por la ODIN el 14 de abril de 2023, el licenciado Meléndez Artau no ha comparecido ante este Tribunal.

A la luz de los hechos antes expuestos, procedemos a disponer del proceso disciplinario ante nuestra consideración.

---

[1] Surge del expediente que la Inspectora de Protocolos y Notarías no logró comunicación con el Lcdo. Jorge Meléndez Artau a pesar de haber intentado comunicarse con él vía telefónica en varias ocasiones. Además, se le remitió al abogado el Informe nuevamente el 1 de noviembre de 2022 y la ODIN no tuvo resultados al respecto.

II

Como parte fundamental de nuestra facultad para regular la profesión jurídica en Puerto Rico, este Foro viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Lewis Maymó, 205 DPR 397, 402 (2020); *In re* Ortiz López, 201 DPR 720, 724-725 (2019).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión legal se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Según ese mandato, este Tribunal ha insistido en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Foro, en especial cuando se trata de procesos disciplinarios. *In re* Maldonado Trinidad, 209 DPR 1032 (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021); *In re* Cintrón Rodríguez, *supra*, pág. 308.

También, hemos indicado que dicho deber de cumplir con las órdenes de este Tribunal "se extiende a los requerimientos hechos por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua". *In re* Bermúdez Tejero, *supra*, pág. 94; *In re* Malavé Haddock, 207 DPR 573, 582 (2021). En

conformidad con lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que constituye una violación al Canon 9 del Código de Ética Profesional, *supra*, y esa conducta es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018); *In re* Canales Pacheco, 200 DPR 228, 233 (2018).

III

De acuerdo a los hechos aquí reseñados, resulta evidente que **ha transcurrido en exceso el término concedido al licenciado Meléndez Artau** para que completara el proceso de subsanación de su obra notarial. Específicamente, **han pasado más de ocho (8) meses a partir del 23 de agosto de 2022, fecha de vencimiento del término de sesenta (60) días que le concedimos al abogado el 24 de junio de 2022.**

En particular, el licenciado Meléndez Artau no ha corregido las deficiencias arancelarias y sustantivas de su obra notarial en el término concedido por este Foro. Esto a pesar de que le apercibimos que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias, incluyendo la suspensión inmediata e indefinida del ejercicio de la abogacía.

Sin lugar a dudas, el licenciado Meléndez Artau ha incurrido en un craso incumplimiento con los postulados del

Canon 9 del Código de Ética Profesional, *supra*, al desatender lo ordenado por este Tribunal.

De forma indiscutible, el comportamiento del abogado refleja un incumplimiento voluntario que se aleja de la conducta de respeto hacia los tribunales que requiere el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión jurídica. Ante esta realidad, y conforme a nuestro poder inherente de reglamentar la abogacía, procede que decretemos la suspensión inmediata e indefinida del licenciado Meléndez Artau de la práctica de la profesión legal y lo refiramos a un procedimiento de desacato civil ante el Tribunal de Primera Instancia por su incumplimiento con lo ordenado en nuestra *Resolución* del 24 de junio de 2022. Además, en cuanto a la deuda arancelaria, lo referimos al Departamento de Justicia para la acción correspondiente.

IV

Por las razones antes expuestas, suspendemos inmediata e indefinidamente al Lcdo. Jorge Meléndez Artau del ejercicio de la abogacía. En consecuencia, el señor Meléndez Artau deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga

algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Meléndez Artau a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Además, en lo concerniente a la deuda arancelaria, lo referimos al Departamento de Justicia para la acción correspondiente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jorge Meléndez Artau                    TS-6951

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 3 de mayo de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Jorge Meléndez Artau del ejercicio de la abogacía.

El señor Meléndez Artau deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolverles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal de solicitarlo en el futuro.

Por otra parte, se refiere al señor Meléndez Artau a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Además, en lo concerniente a la deuda arancelaria,

se refiere  el asunto al Departamento de Justicia para la acción correspondiente.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo