EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Yuri J. Valenzuela Flores | 2023 TSPR 143<br><br>213 DPR ___ |

Número del Caso:  TS-14,201


Fecha:  19 de diciembre de 2023


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplir con las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Yuri J. Valenzuela Flores       TS-14,201       Conducta Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria a los fines de suspender de forma inmediata e indefinida del ejercicio de la abogacía a un miembro de la profesión legal, esto por incumplir con las órdenes de este Tribunal.

Tomando en cuenta la conducta que expondremos más adelante, adelantamos que suspendemos inmediata e indefinidamente al Lcdo. Yuri J. Valenzuela Flores (licenciado Valenzuela Flores o abogado) del ejercicio de la abogacía y lo referimos a un procedimiento de desacato ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

I

El licenciado Valenzuela Flores fue admitido al ejercicio de la abogacía el 7 de agosto de 2002 y prestó juramento como notario el 11 de septiembre del mismo año. El 18 de abril de 2023 emitimos una Opinión *Per Curiam* mediante la cual suspendimos al abogado del ejercicio de la práctica de la notaría por su reiterada indiferencia ante los requerimientos de la Oficina de Inspección de Notarías (ODIN).[1]

Como parte de la mencionada suspensión, ordenamos al licenciado Valenzuela Flores que notificara a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados, y devolverles los expedientes y los honorarios recibidos por trabajos de índole notarial no realizados. Además, le impusimos el deber de informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tuviese algún asunto pendiente. Así, debía acreditar y certificar ante este Foro el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de la *Opinión Per Curiam* y *Sentencia*.

De igual forma, le ordenamos al abogado que, dentro del referido término, subsanara a sus expensas los defectos de su obra protocolar. Así pues, le apercibimos que, de

---

[1] Dicha suspensión fue notificada personalmente al Lcdo. Yuri J. Valenzuela Flores (licenciado Valenzuela Flores o abogado) el 25 de abril de 2023 y el archivo en autos de copia de la Opinión *Per Curiam* y *Sentencia* fue el 26 de abril de 2023.

incumplir con nuestra determinación, haríamos un referido al Tribunal de Primera Instancia para iniciar el procedimiento de desacato civil en su contra, así como al Departamento de Justicia para el trámite correspondiente. Por último, concedimos al licenciado Valenzuela Flores un término de diez (10) días para que mostrara causa por la cual no debíamos decretar su suspensión inmediata e indefinida del ejercicio de la abogacía debido a su reiterado incumplimiento con los asuntos señalados.

Vencidos los términos concedidos al abogado, éste no compareció ante este Tribunal. Así pues, el 31 de mayo de 2023, emitimos una *Resolución* mediante la cual le concedimos un término final e improrrogable de diez (10) días, contado a partir de la notificación de nuestra *Resolución*, para que cumpliera con lo ordenado en la *Opinión Per Curiam*, so pena de suspenderle indefinidamente del ejercicio de la abogacía y referirle al Tribunal de Primera Instancia para comenzar un procedimiento de desacato civil en su contra. Asimismo, le advertimos que, de no subsanar la deuda arancelaria de su obra protocolar, sería referido al Departamento de Justicia para el trámite correspondiente.

El 12 de junio de 2023, el licenciado Valenzuela Flores presentó ante este Foro una *Moción urgente solicitando prórroga por emergencia médica*. En ésta, el abogado expuso que no había sido su intención incumplir con los requerimientos de la ODIN ni de este Tribunal, pero que

tal incumplimiento se relacionaba con el estado de salud de su madre, por lo que se vio obligado a mudarse de forma temporera al estado de Florida para que ésta pudiera recibir tratamiento médico para ciertas condiciones de salud que le aquejaban. Al respecto, señaló que su tardanza en contestar se debía a la atención que tenía que brindar a su madre debido a las constantes situaciones de salud de ésta, las cuales surgían por su avanzada edad y las múltiples condiciones que enfrentaba.[2] Asimismo, indicó que su manera de trabajar se había complicado, ya que estaba enfrentando un proceso de ejecución de su residencia en Puerto Rico que le imposibilitaba atender de forma eficiente su profesión y, a la vez, estar pendiente de la salud de su madre.[3]

Así pues, el 15 de junio de 2023, emitimos una *Resolución* en la cual le concedimos al licenciado Valenzuela Flores un término final de diez (10) días, contado a partir de la notificación de nuestra *Resolución*, para que cumpliera con lo ordenado en la Opinión *Per Curiam* emitida el 18 de abril de 2023. En particular, se ordenó que: (1) notificara a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no

---

[2] Véase *Moción urgente solicitando prórroga por emergencia médica*, pág. 2.

[3] Íd., pág. 1.

realizados; (2) informara de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tuviera algún asunto de índole notarial pendiente; (3) acreditara y certificara ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión; (4) subsanara a sus expensas los defectos de su obra protocolar, incluyendo las deficiencias que pudieran surgir de los cuatro (4) tomos del Protocolo que no habían sido examinados; y (5) mostrara causa por la cual no debíamos decretar su suspensión inmediata e indefinida del ejercicio de la abogacía por su reiterado incumplimiento y desidia en relación con los asuntos señalados. Además, le apercibimos que, de incumplir con lo anterior, procederíamos a referirlo al Tribunal de Primera Instancia para comenzar un procedimiento de desacato civil en su contra y que, de no subsanar la deuda arancelaria, lo referiríamos al Departamento de Justicia para el trámite correspondiente.

El 26 de junio de 2023, el abogado presentó una *Moción en cum[plimiento] de orde[n]*. Entre otros asuntos, especificó que: (1) no tenía clientes a quienes prestar servicios notariales o a quienes informar su inhabilidad de prestar servicios notariales debido a que desde 2019 no había contratado con cliente alguno para ofrecer servicios de notaría; (2) no tenía asunto notarial pendiente con alguna agencia, entidad, foro judicial o administrativo, y

(3) por las razones antes expuestas no correspondía que proveyera lista de los clientes y los foros a quienes notificar de su suspensión de la práctica de la notaría.[4] Así las cosas, el licenciado Valenzuela Flores solicitó que diéramos por cumplida nuestra orden del 15 de junio de 2023 y le concediéramos un término razonable para que pudiera corregir los defectos en su obra protocolar.

Ante esto, el 30 de junio de 2023, dictamos una *Resolución* en la que tomamos conocimiento de lo informado por el abogado en su moción y le ordenamos que nos mantuviera informados sobre el proceso de subsanación de su obra notarial una vez compareciera a la reunión pautada para el 18 de julio de 2023 ante la ODIN.

El 9 de agosto de 2023, la ODIN presentó ante este Foro una *Moción notificando [status] de proceso de subsanación de obra notarial y recomendando concesión de término.* Específicamente, informó que el licenciado Valenzuela Flores: (1) visitó la ODIN en dos (2) ocasiones luego de la *Resolución* del 30 de junio de 2023; (2) completó el proceso de encuadernación de la obra protocolar incautada;

---

[4]    En su *Moción en cum[plimiento] de orde[n]*, el licenciado Valenzuela Flores añadió que tenía pautada una comparecencia ante el Lcdo. José Santiago Rodríguez, Inspector de Protocolos y Notarías, el 18 de julio de 2023 para proceder con la subsanación de su obra notarial; que la causa para la tardanza en cumplir con lo ordenado por este Tribunal se relacionaba con el estado de salud de su madre y las gestiones de relocalización fuera de Puerto Rico para que ésta pudiera recibir tratamiento médico; que tenía una reunión en la ODIN el 11 de abril de 2023, pero no pudo asistir a la misma debido a la cancelación de vuelos en los aeropuertos de Miami y Fort Lauderdale por razón de un sistema meteorológico que afectó a Florida, y que enfrentaba un proceso de ejecución de su residencia en Puerto Rico, lugar en donde ejercía su práctica de la abogacía.

(3) satisfizo gran parte de la deficiencia arancelaria señalada, por lo que restaba por cancelar $10 en un instrumento público; (4) realizó las correspondientes notas de contrarreferencia en diversos instrumentos públicos que había autorizado; (5) enumeró y folió las hojas de diversos tomos del Protocolo; (6) redactó las correspondientes notas de apertura y cierre del Protocolo; (7) tomó nota de los negocios jurídicos que debían ser ratificados ante otro fedatario; (8) atendió los asuntos relacionados al Libro de Registro de Testimonios, y (9) se comprometió a atender con celeridad el proceso de registro de los Informes de Actividad Notarial adeudados. Por todo lo cual, la ODIN solicitó que se le concediera al licenciado Valenzuela Flores un término de sesenta (60) días para que concluyera el proceso de subsanación de su obra protocolar y se le apercibiera de que su incumplimiento podría conllevar un referido al Tribunal de Primera Instancia para el correspondiente proceso de desacato civil.

En cumplimiento de orden, el 15 de agosto de 2023, el abogado nos notificó sobre los señalamientos que atendió, así como que procedería a registrar los Informes de Actividad Notarial adeudados. Por todo lo cual, solicitó un término de sesenta (60) días para finalizar el proceso de subsanación de su obra protocolar.

Así pues, mediante una *Resolución* del 13 de octubre de 2023, concedimos al licenciado Valenzuela Flores un

término de sesenta (60) días, contado a partir de la notificación de nuestra *Resolución*, para que culminara el mencionado proceso de subsanación. Asimismo, le apercibimos que, de incumplir con nuestra orden, podríamos imponerle sanciones severas, como la suspensión de la abogacía, y referirle al Tribunal de Primera Instancia para un procedimiento de desacato civil en su contra.

El 28 de noviembre de 2023, la ODIN presentó ante este Tribunal una *Moción reiterando patrón de incumplimiento de orden y en solicitud de remedios*. En ésta expone lo siguiente:

> […] el patrón de desidia y la reiterada falta de cooperación mostrada por el licenciado Valenzuela Flores para atender los señalamientos hechos a su obra notarial desde hace dos años, así como su incumplimiento con los mandatos dictados por esta Alta Curia para atender de forma diligente tal proceso, nos motivan [a] notificar de la situación enfrentada en esta etapa. (Negrilla omitida).

Como parte de su moción, la ODIN incluyó un *Informe sobre incumplimiento en la subsanación de la obra notarial incautada del Lcdo. Yuri J. Valenzuela Flores, Notario Número 14,201*, el cual fue presentado el 27 de noviembre de 2023 por el Lcdo. José R. Santiago Rodríguez, Inspector de Protocolos y Notarías (Inspector).[5] En resumen, la ODIN

---

[5] En su *Informe* del 27 de noviembre de 2023, el Lcdo. José R. Santiago Rodríguez, Inspector de Protocolos y Notarías (Inspector) concluyó que el licenciado Valenzuela Flores "no ha sido cooperador, ni diligente en el proceso de la subsanación de la obra notarial incautada. A la fecha aún subsisten varios señalamientos que requieren de su participación, así como la necesidad de subsanar, ratificar y reconstruir instrumentos públicos". Véase *Informe sobre incumplimiento en la subsanación de la obra notarial incautada del Lcdo. Yuri J. Valenzuela Flores, Notario Número 14,201*, pág. 2.

detalló los siguientes eventos ocurridos a partir de agosto de 2023, fecha de la última actualización sobre el estado de la obra notarial incautada:

> (a) El abogado se ausentó sin justificación a cuatro (4) reuniones programadas con el Inspector, y llegó una hora y media más tarde a otra reunión programada.
>
> (b) A una de las reuniones a las que no asistió, el 19 de octubre de 2023, el licenciado Valenzuela Flores informó que había advenido en conocimiento de que estaba contagiado con COVID-19, pero remitió los resultados de una prueba con fecha del 10 de octubre de 2023, es decir de nueve (9) días de antelación al alegado contagio.
>
> (c) En otra de las fechas programadas, el 24 de octubre de 2023, el abogado canceló la reunión y notificó que tenía un viaje programado fuera de Puerto Rico.
>
> (d) Que en las fechas 6, 13 y 16 de noviembre de 2023, el licenciado Valenzuela Flores remitió unos documentos incompletos y esto en nada abonaba al proceso de subsanación.
>
> (e) A esta fecha, el abogado no ha atendido los señalamientos de naturaleza grave en su obra notarial, en específico los instrumentos públicos que deben ser ratificados por haberse incumplido con las reglas de autorización de partes indispensables o comparecencia de testigos instrumentales.

La ODIN manifestó que, a más de siete (7) meses de la suspensión del abogado del ejercicio de la notaría, "tanto el grado de compromiso, la formalidad, así como la celeridad que debe mostrar el licenciado Valenzuela Flores en el proceso de subsanación post suspensión del ejercicio del notariado es, a todas luces, inexistente". (Negrilla

omitida).[6] Por todo lo cual, la ODIN nos solicitó que: (1) tomáramos conocimiento del reiterado patrón de incumplimiento del abogado en el proceso de subsanación de su obra notarial; (2) refiriéramos el asunto al Tribunal de Primera Instancia para que se encaminara el proceso de desacato civil en su contra, y (3) evaluáramos cualquier otro tipo de sanción disciplinaria, tal como una suspensión con carácter inmediato del ejercicio de la abogacía.

**El término concedido al abogado mediante nuestra *Resolución* del 13 de octubre de 2023 venció sin que éste subsanara el total de las deficiencias en su obra notarial.**

A la luz de los hechos expuestos, procedemos a disponer del asunto ante nuestra consideración.

## II

Como parte fundamental de nuestra facultad para regular la profesión jurídica en Puerto Rico, este Foro viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Meléndez Artau, 2023 TSPR 60, 212 DPR ___ (2023); *In re* Colón Olivo I, 2023 TSPR 2, 211 DPR ___ (2023); *In re* Lewis Maymó, 205 DPR 397, 402 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión jurídica se conduzcan ante los tribunales con una conducta

---

[6]    Véase *Moción reiterando patrón de incumplimiento de orden y en solicitud de remedios,* pág. 3.

que se caracterice por el mayor respeto. *In re* Lajara Radinson, 207 DPR 854, 863 (2021); *In re* Cintrón Rodríguez, 205 DPR 299, 308 (2020); *In re* Alers Morales, 204 DPR 515, 519 (2020). Según ese mandato, hemos insistido en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en específico cuando se trata de procesos disciplinarios. *In re* Wilamo Guzmán, 2023 TSPR 61, 212 DPR ___ (2023); *In re* Bauzá Tirado, 2023 TSPR 34, 211 DPR ___ (2023); *In re* Maldonado Trinidad, 209 DPR 1032 (2022); *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021).

También, hemos expresado que dicho deber de cumplir con nuestras órdenes se extiende a los requerimientos realizados por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua. *In re* Bermúdez Tejero, *supra*, pág. 94; *In re* Malavé Haddock, 207 DPR 573, 582 (2021). En conformidad a lo expuesto, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y esa conducta es suficiente para decretar la separación inmediata e indefinida de la profesión legal. *In re* Colón Olivo I, *supra*; *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018).

III

Según los hechos reseñados, es evidente que **ha transcurrido el término concedido al licenciado Valenzuela Flores para que cumpliera con nuestra *Resolución* del 13 de octubre de 2023.** En específico, le concedimos un término de sesenta (60) días, contado a partir de la notificación de nuestra *Resolución*, para que culminara el proceso de subsanación de su obra notarial. De igual forma, le apercibimos que si incumplía con nuestra orden podríamos imponerle sanciones severas, tal como la suspensión de la abogacía, así como referirle al Tribunal de Primera Instancia para un procedimiento de desacato civil.

Es importante destacar que del historial reseñado surge que el 15 de agosto de 2023 fue la última fecha en la cual el abogado informó a este Foro sobre las gestiones de subsanación de su obra notarial. **Luego de esa fecha no ha comparecido**, esto a pesar de que le apercibimos que, de no comparecer en el término concedido, se exponía a la imposición de sanciones disciplinarias severas, tal como la suspensión de la abogacía.

Evidentemente, el abogado ha incurrido en un claro incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*, al desatender lo ordenado por este Tribunal. Este comportamiento denota un incumplimiento voluntario que se aleja de la conducta de respeto hacia los tribunales que requiere el Canon 9 del

Código de Ética Profesional, *supra*, a todos los miembros de la profesión legal. Ante esa realidad, y según el poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Foro, procedemos a decretar la suspensión inmediata e indefinida del licenciado Valenzuela Flores del ejercicio de la abogacía.

IV

Por las razones antes esbozadas, suspendemos de forma inmediata e indefinida al Lcdo. Yuri J. Valenzuela Flores del ejercicio de la abogacía. En consecuencia, el señor Valenzuela Flores deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otra parte, se refiere al señor Valenzuela Flores a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Yuri J. Valenzuela Flores          TS-14,201

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico a 19 de diciembre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida al Lcdo. Yuri J. Valenzuela Flores del ejercicio de la abogacía.

En consecuencia, el señor Valenzuela Flores deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otra parte, se refiere al señor Valenzuela Flores a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                            Javier O. Sepúlveda Rodríguez
                            Secretario del Tribunal Supremo