EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Iris N. Miranda Rovira (TS-14,819) | 2024 TSPR 137 215 DPR ___ |

Número del Caso:  AB-2023-0291
                  AB-2024-0045


Fecha:  26 de diciembre de 2024


Oficina del Procurador General:

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

    Lcda. Yara I. Alma Bonilla
    Procuradora General Auxiliar


Representante legal de la promovida:

    Por derecho propio


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con las órdenes de este Tribunal.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Iris N. Miranda Rovira
(TS-14,819)

AB-2023-291
AB-2024-45

Conducta
Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía y la notaría a un integrante de la profesión legal por incumplir con las órdenes de este Tribunal.

Al tomar en cuenta la conducta que reseñaremos, adelantamos que suspendemos inmediata e indefinidamente a la Lcda. Iris N. Miranda Rovira (licenciada Miranda Rovira o abogada) del ejercicio de la abogacía y la notaría.

I

La licenciada Miranda Rovira fue admitida al ejercicio de la abogacía el 26 de enero de 2004 y prestó juramento como notaria el 26 de febrero de 2004.

A. Trámite disciplinario en el AB-2023-291

El 1 de diciembre de 2023, el Sr. Reinaldo Reyes Carrión (señor Reyes Carrión o promovente) presentó una *Queja* en contra de la abogada. Según alegó, el 14 de junio de 2022 le entregó a la licenciada Miranda Rovira un plano para el trámite de una escritura y le pagó $500 para la gestión correspondiente, pero la abogada no cumplió con lo acordado. Además, expresó que no había conseguido a la licenciada Miranda Rovira en su oficina ni a través de correo electrónico.

Como parte del trámite de la *Queja*, el 28 de diciembre de 2023, se le concedió a la abogada un término de diez (10) días, contado a partir de la notificación de la comunicación, para que contestara las alegaciones en su contra. Asimismo, se le apercibió que, de no comparecer en el término provisto, la *Queja* sería referida al Pleno del Tribunal para la acción correspondiente, incluyendo la imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión legal.

Transcurrido el término concedido, el 1 de febrero de 2024, la licenciada Miranda Rovira presentó una *Moción urgente en solicitud de prórroga*. Expresó que en esa misma fecha supo de la *Queja* presentada en su contra, tras

solicitar una certificación negativa de queja o querella. Añadió que la comunicación enviada por el Tribunal concediéndole un término para contestar la *Queja* fue notificada a su correo electrónico, pero el mensaje se recibió en la bandeja de correo no deseado ("spam mail"). También indicó que el incumplimiento con el término concedido fue por inadvertencia y que de ninguna manera fue su intención atrasar el trámite de la *Queja*, por lo que solicitó un término adicional de veinte (20) días para contestar la *Queja* presentada.

Así pues, el 2 de febrero de 2024, le concedimos a la abogada el término solicitado de veinte (20) días y se le apercibió que, de no comparecer en el término provisto, la *Queja* sería referida al Pleno del Tribunal para la acción correspondiente, incluyendo la imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión legal.

El mismo día en que vencía el término concedido (el 22 de febrero de 2024), la licenciada Miranda Rovira presentó ante este Tribunal una *Moción en solicitud de término adicional para contestar.* En ésta, solicitó nuevamente un término de veinte (20) días para "completar la investigación preliminar de los hechos y responsablemente contestar las alegaciones de la queja".[1]

---

[1]   Véase *Moción en solicitud de término adicional para contestar.*

Así las cosas, el 23 de febrero de 2024, le concedimos a la abogada el término solicitado de veinte (20) días. Le apercibimos, además, que si no comparecía en dicho término, la *Queja* sería referida al Pleno del Tribunal para la acción correspondiente, incluyendo la imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión legal.

Más adelante, el 14 de marzo de 2024, la licenciada Miranda Rovira presentó una *Moción en cumplimiento de orden y solicitando la desestimación*. Alegó que ya había completado la gestión para la cual fue contratada por el señor Reyes Carrión. Específicamente, nos indicó que el 23 de febrero de 2024 otorgó la Escritura sobre aceptación de uso público ante el Alcalde de Juncos y, además, le entregó al promovente una copia certificada de dicho instrumento público. En consecuencia, la abogada solicitó la desestimación de la *Queja*.

El 10 de abril de 2024, referimos el expediente de la *Queja* a la Oficina del Procurador General (Procurador General) para la correspondiente investigación e Informe. Mientras la *Queja* estaba pendiente ante dicha Oficina, el 23 de abril de 2024, el promovente nos informó que la licenciada Miranda Rovira lo había contactado y le entregó los documentos que había solicitado, lo cual dio por concluido el proceso y le agradeció a la abogada por su gestión. Ante esto, el 6 de mayo de 2024, le referimos al

Procurador General el escrito presentado por el señor Reyes Carrión y expusimos lo siguiente en dicha comunicación:

> Se le recuerda a la parte promovente y a la parte promovida que deberán esperar a que la Oficina del Procurador General realice su investigación y les notifique copia de su Informe sobre este asunto o les requiera cualquier información o documentación adicional, de ser ello necesario. (Negrilla omitida).

El 5 de junio de 2024, el Procurador General presentó un *Escrito informativo y solicitud de término adicional*, en el cual expuso que: (1) había enviado varias comunicaciones al correo electrónico de la licenciada Miranda Rovira, en particular un requerimiento de información el 30 de abril de 2024 y que debía contestar en o antes del 15 de mayo de 2024, pero sólo se recibió un mensaje que indicaba que la bandeja de entrada (*inbox*) estaba llena; (2) al no tener éxito vía correo electrónico, el mismo 30 de abril de 2024 se envió un requerimiento de información por correo postal con acuse de recibo, pero el 28 de mayo de 2024 el sistema de correo postal devolvió la carta enviada por correo certificado; (3) el 15 de mayo de 2024 se volvió a enviar un requerimiento de información al correo electrónico de la abogada y se le concedió un nuevo término para responder hasta el 30 de mayo de 2024; (4) luego de haber intentado comunicación por la vía telefónica, la línea sonaba ocupada todo el tiempo, y (5) el 31 de mayo de 2024 reiteró el requerimiento de información por correo electrónico y se concedió hasta el 10 de junio de 2024 para contestarlo.

Ante la concesión de un nuevo término -a vencerse el 10 de junio de 2023- para que la licenciada Miranda Rovira contestara el requerimiento de información, el Procurador General solicitó un término adicional de sesenta (60) días para completar la investigación y presentar su Informe. En vista de lo anterior, el 17 de junio de 2024 emitimos una *Resolución* en la que concedimos el término solicitado.[2]

El 18 de junio de 2024, el Procurador General presentó otro *Escrito informativo y solicitud de orden*, en el cual reiteró lo expuesto en su moción del 5 de junio de 2024 sobre las múltiples gestiones realizadas para contactar a la abogada. Añadió que el mensaje de correo electrónico enviado el 31 de mayo de 2024 con el requerimiento de información no fue rechazado por el sistema mediante un mensaje automático que reflejara inactividad u otro motivo. También, informó que la moción del 5 de junio de 2024 fue enviada a la licenciada Miranda Rovira por correo postal con acuse de recibo y ésta no fue devuelta por el correo postal. Ante dicho escenario, el Procurador General nos solicitó que emitiéramos una orden para que la abogada contestara el requerimiento de información de dicha Oficina.

De esta manera, el 25 de junio de 2024, emitimos una *Resolución* mediante la cual le concedimos a la abogada un término de veinte (20) días para que completara los

---

[2] El archivo en autos de copia de la *Resolución* fue el 18 de junio de 2024.

requerimientos cursados por el Procurador General. Además, le apercibimos que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión legal.[3]

Una vez transcurrido el término concedido, el 23 de julio de 2024, el Procurador General presentó un *Escrito informativo sobre gestiones investigativas y en solicitud de remedio*. En éste, expuso que la licenciada Miranda Rovira no había comparecido ni se había comunicado con dicha Oficina en relación con lo ordenado ni había constancia de que hubiese presentado algún documento ante este Tribunal.

En vista de lo anterior, el 6 de agosto de 2024, emitimos una *Resolución* en la cual le concedimos a la abogada un término adicional de diez (10) días para que completara los requerimientos cursados por el Procurador General. Nuevamente, le apercibimos que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión legal.[4] En esta ocasión la notificación del Tribunal fue diligenciada personalmente por la Oficina del Alguacil General del Tribunal Supremo.[5]

---

[3] El archivo en autos de copia de la *Resolución* fue el 27 de junio de 2024.

[4] El archivo en autos de copia de la *Resolución* fue el 9 de agosto de 2024.

[5] Según consta en el expediente de la Queja AB-2023-291, la Lcda. Iris N. Miranda Rovira (licenciada Miranda Rovira o abogada)

Más adelante, el 16 de agosto de 2024, el Procurador General compareció mediante un *Escrito informativo y solicitud de término adicional*.  En dicha moción indicó que el término concedido a la licenciada Miranda Rovira aún no había transcurrido, pero el término concedido a su Oficina para presentar el Informe estaba próximo a vencerse.  Ante este panorama, señaló que la información requerida era indispensable para realizar "una investigación completa y responsable sobre las alegaciones de la [Q]ueja",[6] por lo cual solicitó un término adicional de cuarenta y cinco (45) días, contado a partir de que la abogada notificara su contestación al requerimiento, para presentar su Informe.

Con el propósito de conocer si la abogada había contestado los requerimientos del Procurador General, el 24 de octubre de 2024, la Secretaría de este Tribunal envió una comunicación a dicha Oficina.  Específicamente, la Procuradora General Auxiliar encargada del caso informó que la licenciada Miranda Rovira no había contestado sus requerimientos y que una correspondencia que se le envió por correo certificado fue devuelta el 27 de agosto de 2024 por el correo postal.

**Transcurrido en exceso el término concedido, y aun cuando se le apercibió que su incumplimiento con lo**

---

firmó en el diligenciamiento de la *Resolución* del Tribunal el 9 de agosto de 2024.

[6] Véase *Escrito informativo y solicitud de término adicional*, pág. 2.

**ordenado** podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión legal, **la abogada no ha comparecido ante el Procurador General ni ante este Tribunal.**

B. Trámite disciplinario en el AB-2024-45

El 27 de febrero de 2024, la Sra. Julissa Cruz Correa (señora Cruz Correa o promovente) presentó una *Queja* en contra de la licenciada Miranda Rovira. Según adujo, le pagó $500 a la abogada para que ésta gestionara unas escrituras, pero luego de esto no había recibido información sobre el estatus de dicho trámite. Además, indicó que había solicitado el expediente de su caso, ya que se enteró que la oficina de la abogada llevaba cerrada más de diez (10) meses y entendía que estaba en riesgo de perder su récord; que las pocas veces que logró comunicarse con la licenciada Miranda Rovira para solicitarle el expediente, ésta le indicaba que el trámite estaba en proceso; que hacía más de tres (3) años y en medio de la pandemia le indicó que si no podía trabajar con el caso que entonces le entregara el expediente; que los expedientes de los clientes están abandonados allí en la oficina sin servicio eléctrico y que la abogada no atendía las llamadas ni los mensajes de correo electrónico que se le enviaban. Por tanto, la promovente expresó que le urgía que la licenciada Miranda Rovira le entregara el expediente de su caso.

Así pues, el 15 de marzo de 2024, le concedimos a la abogada un término de diez (10) días para que contestara la *Queja* presentada por la señora Cruz Correa. Transcurrido el término concedido, la licenciada Miranda Rovira no compareció ante este Tribunal. Así las cosas, el 5 de abril de 2024, se le envió una segunda notificación mediante la cual se le concedió un término adicional de diez (10) días para que contestara la *Queja.*

Más adelante, el 30 de abril de 2024, emitimos una *Resolución* mediante la cual le concedimos a la abogada un término de diez (10) días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión legal por incumplir con las órdenes de este Tribunal al no presentar su contestación a la *Queja*.[7]

Nuevamente, transcurrido el término concedido, la licenciada Miranda Rovira no compareció ante este Tribunal. El 29 de mayo de 2024, emitimos una *Resolución* mediante la cual le concedimos a la abogada un término final de diez (10) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal ante su incumplimiento con las órdenes de este Tribunal al no contestar la *Queja* presentada en su contra.[8] En esta ocasión la notificación del Tribunal fue

---

[7]   El archivo en autos de copia de la *Resolución* fue el 3 de mayo de 2024.

[8]   El archivo en autos de copia de la *Resolución* fue el 11 de junio de 2024.

diligenciada personalmente por la Oficina del Alguacil General del Tribunal Supremo.**9**

En la misma fecha en que expiraba el término concedido para contestar la *Queja*, el 21 de junio de 2024, la licenciada Miranda Rovira presentó una *Moción en solicitud de término adicional para contestar*. En ésta expuso que advino en conocimiento de la *Queja* en su contra el 11 de junio de 2024 cuando se diligenció nuestra *Resolución* y que se encontraba en el proceso de recopilar la documentación necesaria para preparar una respuesta adecuada y completa a las alegaciones formuladas en su contra. En virtud de lo anterior, nos solicitó un término adicional de veinte (20) días para presentar su contestación a la *Queja*.

Así las cosas, el 25 de junio de 2024, emitimos una *Resolución* mediante la cual le concedimos a la abogada el término de veinte (20) días que solicitó para que contestara la *Queja*. **Transcurrido el término concedido, la licenciada Miranda Rovira no ha comparecido ante este Tribunal.**

A la luz de los hechos esbozados, procedemos a exponer el derecho aplicable previo a disponer del asunto ante nuestra consideración.

---

**9**    Según consta en el expediente de la Queja AB-2024-45, la licenciada Miranda Rovira firmó en el diligenciamiento de la *Resolución* del Tribunal el 6 de junio de 2024.

II

Como parte fundamental de nuestra autoridad para regular la profesión legal en Puerto Rico, este Tribunal viene obligado a asegurarse que los profesionales del Derecho que son admitidos al ejercicio de la abogacía y la notaría realicen sus funciones de forma competente, responsable y diligente. *In re* Pérez Fernández, 2024 TSPR 42, 213 DPR ___ (2024); *In re* Sánchez Rivoleda, 2024 TSPR 32, 213 DPR ___ (2024); *In re* Montañez Morales, 212 DPR 781, 790 (2023); *In re* Meléndez Artau, 212 DPR 96, 101 (2023).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que todos los miembros de la profesión jurídica se conduzcan ante los tribunales con una conducta que se caracterice por el mayor respeto. *In re* Vélez Goveo, 2024 TSPR 77, 213 DPR ___ (2024); *In re* Nicot Santana, 2024 TSPR 21, 213 DPR ___ (2024); *In re* Valenzuela Flores, 2023 TSPR 143, 213 DPR ___ (2023); *In re* Lajara Radinson, 207 DPR 854, 863 (2021). Según dicho mandato, hemos recalcado en el ineludible deber que tienen todos los abogados de cumplir con diligencia y prontitud las órdenes de este Tribunal, en particular cuando se trata de procesos disciplinarios. *In re* Vélez Goveo, *supra*; *In re* Valenzuela Flores, *supra*; *In re* Wilamo Guzmán, 212 DPR 104, 107 (2023); *In re* Bauzá Tirado, 211 DPR 633, 635 (2023); *In re* Maldonado Trinidad, 209 DPR 1032 (2022).

De igual forma, hemos expresado que el deber de cumplir con nuestras órdenes se extiende a los requerimientos realizados por la Oficina del Procurador General, la Oficina de Inspección de Notarías y el Programa de Educación Jurídica Continua. *In re* Bermúdez Tejero, 206 DPR 86, 94 (2021); *In re* Malavé Haddock, 207 DPR 573, 582 (2021).

Específicamente, hemos manifestado que el desatender los requerimientos que realizamos en el curso de un proceso disciplinario refleja indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia la autoridad, además de que demuestra una gran fisura del buen carácter que debe exhibir todo integrante de la profesión legal. *In re* Wilamo Guzmán, *supra*, pág. 107; *In re* Jiménez Meléndez, 198 DPR 453, 457 (2017); *In re* Ortiz Medina, 198 DPR 26, 31 (2017).

Según lo antes expresado, hemos catalogado la desatención de nuestras órdenes por parte de los abogados como una afrenta a la autoridad de los tribunales, lo que significa una violación al Canon 9 del Código de Ética Profesional, *supra*, y dicha conducta es suficiente para decretar la separación inmediata e indefinida de la abogacía y notaría. *In re* Colón Olivo I, 211 DPR 633, 635-636 (2023); *In re* Bermúdez Tejero, *supra*, pág. 95; *In re* López Pérez, 201 DPR 123, 126 (2018).

III

Según se puede constatar de los hechos reseñados, **es evidente que han transcurrido en exceso los términos concedidos a la licenciada Miranda Rovira para que cumpliera con nuestras *Resoluciones* del 6 de agosto de 2024 y del 25 de junio de 2024 en las Quejas AB-2023-291 y AB-2024-45, respectivamente, y ésta no ha comparecido ante el Procurador General (AB-2023-291) ni ante este Tribunal (AB-2024-45).** En ambas instancias, apercibimos a la abogada que su incumplimiento con lo ordenado podría conllevar la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión legal.

Sin lugar a dudas, la licenciada Miranda Rovira ha exhibido una conducta que refleja indiferencia y desidia tanto a los requerimientos del Procurador General como a las órdenes de este Tribunal. Al así actuar, la abogada ha incurrido en un craso incumplimiento con los postulados del Canon 9 del Código de Ética Profesional, *supra*.

El comportamiento de la licenciada Miranda Rovira denota indiferencia y un incumplimiento voluntario que se distancia de la conducta de respeto hacia los tribunales que exige el Canon 9 del Código de Ética Profesional, *supra*, a todos los miembros de la profesión jurídica. Ante esa realidad, y en conformidad al poder inherente de reglamentar el ejercicio de la abogacía que ostenta este Tribunal, procedemos a decretar la suspensión inmediata e

indefinida de la abogada del ejercicio de la abogacía y la notaría.

IV

Por las razones antes expuestas, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría a la Lcda. Iris N. Miranda Rovira. En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e Informe.

Además, la señora Miranda Rovira deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

|  | AB-2023-291 | Conducta |
| --- | --- | --- |
| Iris N. Miranda Rovira | AB-2024-45 | Profesional |
| (TS-14,819) | | |

SENTENCIA

En San Juan, Puerto Rico a 26 de diciembre de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos de forma inmediata e indefinida a la Lcda. Iris N. Miranda Rovira del ejercicio de la abogacía y la notaría.

En consecuencia, se ordena al Alguacil de este Tribunal a incautar la obra notarial que se encuentra bajo su custodia al igual que su sello notarial para entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Además, la señora Miranda Rovira deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a los cuales les notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y esta Sentencia.

No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente y por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.  El Juez Asociado señor Rivera García no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo